# COMMONWEALTH OF VIRGINIA



CHESTERFIELD COUNTY CIRCUIT CO
Civil Division
9500 COURTHOUSE ROAD
CHESTERFIELD  VA  23832-0909

Summons

To: CLOUDZ VAPOR MIDLOTHIAN LLC
DBA CLOUDZ VAPOR
SERVE: TEJAN KAUSHIK BHATT, RA
13142 WINSTON RD
ASHLAND VA 23005

Case No. 041CL21000317-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, February 03, 2021

Clerk of Court: WENDY S HUGHES

by _____
(CLERK/DEPUTY CLERK )

Instructions:       AND REQUESTS FOR PRODUCTION

Hearing Official:

Attorney's name:       REED, ROBERT C T

EXHIBIT
A





**ALLEN ALLEN**
**ALLEN   ALLEN**
*Protecting the Injured Since 1910*

February 3, 2021

Telephone:  804.257.7579
Facsimile: 804.524.1418
File No. MAT-200208138676

Hon. Wendy Hughes, Clerk
Chesterfield County Circuit Court
PO Box 125
Chesterfield, VA 23832-0125

Re:    Adam Coghill  v. Cloudz Vapor, LLC d/b/a Cloudz Vapor, et al.

Dear Ms. Hughes:

I have enclosed the original Complaint for filing with the Court.  I have also
enclosed copies of the Complaint, Plaintiff's First Set of Interrogatories, and
Plaintiff's First Requests for Production, which I ask that you prepare for service
on the defendants by private process server (**Hester Process Service**)  at the
following addresses:

CLOUDZ VAPOR LLC d/b/a CLOUDZ VAPOR,
Serve:  Tejan Kaushik Bhatt, Registered Agent
          13142 Winston Road
          Ashland, Virginia 23005

CLOUDZ VAPOR WHOLESALE, LLC d/b/a CLOUDZ VAPOR,
Serve:  Tejan K. Bhatt, Registered Agent
          13142 Winston Road
          Ashland, Virginia 23005

CLOUDZ VAPOR MIDLOTHIAN LLC d/b/a CLOUDZ VAPOR,
Serve:  Tejan Kaushik Bhatt, Registered Agent
          13142 Winston Road
          Ashland, Virginia 23005

CLOUDZ VAPOR SHORT PUMP LLC d/b/a CLOUDZ VAPOR,
Serve:  Tejan K. Bhatt, Registered Agent
          13142 Winston Road
          Ashland, Virginia 23005

TEJAN BHATT
Serve:  13142 Winston Road
          Ashland, Virginia 23005

**Richmond Office**
1809 Staples Mill Road
Richmond, VA 23230



ALLEN ALLEN
ALLEN ALLEN
*Protecting the Injured Since 1910*

I have also enclosed a check for the appropriate filing fee, as well as an extra copy of the Complaint which I ask that you stamp "filed" and return to my office in the enclosed self-addressed pre-stamped envelope.

I appreciate your attention to this matter.  Please call me with any questions.

Very truly yours,

Robert C. T. Reed

Enclosures

cc:      Hester Process Service (by email)

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ...........................................
(CLERK'S OFFICE USE ONLY)

............... COUNTY OF CHESTERFIELD ...............  Circuit Court

ADAM COGHILL
PLAINTIFF(S)

v. In re: CLOUDZ VAPOR LLC d/b/a CLOUDZ VAPOR, et al.
DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[x] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x] Damages in the amount of $ 3,000,000.00 ........... are claimed.

02/03/2021
DATE

[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF / [ ] DEFENDANT

ROBERT C. T. REED, VSB No. 78967
PRINT NAME

Allen, Allen, Allen & Allen, P. O. Box 6855
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Richmond, VA 23230 (804) 359-9151

robert.reed@allenandallen.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

Case No.: _____

ADAM COGHILL

Plaintiff,

v.

CLOUDZ VAPOR LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan Kaushik Bhatt, Registered Agent
     13142 Winston Road
     Ashland, Virginia 23005
     (PRIVATE PROCESS)

CLOUDZ VAPOR WHOLESALE, LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan K. Bhatt, Registered Agent
     13142 Winston Road
     Ashland, Virginia 23005
     (PRIVATE PROCESS)

CLOUDZ VAPOR MIDLOTHIAN LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan Kaushik Bhatt, Registered Agent
     13142 Winston Road
     Ashland, Virginia 23005
     (PRIVATE PROCESS)

CLOUDZ VAPOR SHORT PUMP LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan K. Bhatt, Registered Agent
     13142 Winston Road
     Ashland, Virginia 23005
     (PRIVATE PROCESS)

AND

TEJAN BHATT
Serve: 13142 Winston Road
     Ashland, Virginia 23005
     (PRIVATE PROCESS)

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Adam Coghill, (hereinafter "Plaintiff" or "Coghill") and respectfully moves this Honorable Court for judgment, jointly and severally, against the Defendants Cloudz Vapor, LLC, Cloudz Vapor Wholesale, LLC, Cloudz Vapor, Midlothian, LLC and Cloudz Vapor Short Pump (hereinafter collectively referred to as "Defendants") for the sum of THREE MILLION DOLLARS ($3,000,000.00) in compensatory damages, plus pre-judgment and post-judgment interest, triple such damages, costs, and reasonable attorney's fees pursuant to Virginia Code § 59.1-204(B), based upon the following allegations:

## PARTIES

1.     The Plaintiff, Adam Coghill was and is a resident of the Chesterfield, Virginia.

2.     Defendant Cloudz Vapor, LLC d/b/a Cloudz Vapor was and is a Virginia limited liability company in the business of marketing, distributing, and/or selling certain goods, including tobacco products, e-cigarettes, vaporizers, vaporizer accessories and lithium ion batteries for powering vaporizers and in fact was and is in the business of advertising, marketing, distributing and selling certain vaporizer products and accessories, including the vaporizer device and lithium ion battery products at issue in this case, with its principal place of business located at 1213 Walthall Creek Drive, South Chesterfield, Virginia 23834.

3.     At all times relevant to this matter, Defendant Cloudz Vapor, LLC d/b/a Cloudz Vapor owned, operated, managed, and/or controlled a retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

4.     Defendant Cloudz Vapor Wholesale, LLC d/b/a Cloudz Vapor was and is a Virginia limited liability company in the business of marketing, distributing, and/or selling certain goods, including tobacco products, e-cigarettes, vaporizers, vaporizer accessories and lithium ion batteries

for powering vaporizers and in fact was and is in the business of advertising, marketing, distributing and selling certain vaporizer products and accessories, including the vaporizer device and lithium ion battery products at issue in this case, with its principal place of business located at 11003 Midlothian Turnpike, North Chesterfield, Virginia 23235.

5.      At all times relevant to this matter, Defendant Cloudz Vapor Wholesale, LLC d/b/a Cloudz Vapor owned, operated, managed, and/or controlled a retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

6.      Defendant Cloudz Vapor Midlothian, LLC d/b/a Cloudz Vapor was and is a Virginia limited liability company in the business of marketing, distributing, and/or selling certain goods, including tobacco products, e-cigarettes, vaporizers, vaporizer accessories and lithium ion batteries for powering vaporizers and in fact was and is in the business of advertising, marketing, distributing and selling certain vaporizer products and accessories, including the vaporizer device and lithium ion battery products at issue in this case, with its principal place of business located at 11003 Midlothian Turnpike, North Chesterfield, Virginia 23235.

7.      At all times relevant to this matter, Defendant Cloudz Vapor Midlothian, LLC d/b/a Cloudz Vapor owned, operated, managed, and/or controlled a retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

8.      Defendant Cloudz Vapor Short Pump, LLC d/b/a Cloudz Vapor was and is a Virginia limited liability company in the business of marketing, distributing, and/or selling certain goods, including tobacco products, e-cigarettes, vaporizers, vaporizer accessories and lithium ion batteries for powering vaporizers and in fact was and is in the business of advertising, marketing, distributing and selling certain vaporizer products and accessories, including the vaporizer device

and lithium ion battery products at issue in this case, with its principal place of business located at 11736 West Broad Street, Suite C102, Henrico, Virginia 23233.

9.     At all times relevant to this matter, Defendant Cloudz Vapor Short Pump, LLC d/b/a Cloudz Vapor owned, operated, managed, and/or controlled a retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

10.     At all times relevant to this matter, Defendant Tejan Bhatt was and is in the business of marketing, distributing, and/or selling certain goods, including tobacco products, e-cigarettes, vaporizers, vaporizer accessories and lithium ion batteries for powering vaporizers and in fact was and is in the business of advertising, marketing, distributing and selling certain vaporizer products and accessories, including the vaporizer device and lithium ion battery products at issue in this case

11.     At all times relevant to this matter, Defendant Tejan Bhatt owned, operated, managed, and/or controlled a retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

## JURISDICTION AND VENUE

12.     This Court has personal jurisdiction over the Defendants pursuant to Va. Code § 8.01-328.1(1) through (4), as the cause of action arises from the Defendants' transacting business in Virginia, contracting to supply services in Virginia, causing tortious injury by an act or omission in Virginia, and causing tortious injury by an act or omission outside of Virginia when they regularly conduct business in Virginia.

13.     Venue is permissible in this Court pursuant to Va. Code § 8.01-262(1), (3), and (4), as Defendants Cloudz Vapor, LLC d/b/a Cloudz Vapor and Cloudz Vapor Wholesale, LLC d/b/a Cloudz Vapor, and Cloudz Vapor Midlothian, LLC d/b/a Cloudz Vapor have principal places of

business in Chesterfield County; all defendants regularly conduct substantial business activity in Chesterfield County, and the cause of action arises from a transaction and/or acts or omissions that occurred within Chesterfield County.

## GENERAL ALLEGATIONS

14.   At all times relevant to this matter, Defendants designed, manufactured, tested, inspected, warranted, marketed, distributed, labeled, and/or sold Aegis Vape devices and lithium ion batteries, including the defective Aegis Vape device and lithium ion battery at issue in this Complaint (hereinafter referred to as the "Subject Vape Device" and "Subject Lithium Ion Battery").

15.   Upon information and belief, before October of 2018, Defendants purchased or otherwise acquired the Subject Vape Device and Subject Lithium Ion Battery through the chain of distribution of those products.

16.   Upon information and belief, and at all times relevant to this matter, Defendants are and were authorized distributors, sellers, and/or dealers of the Subject Vape Device and Subject Lithium Ion Battery and similar products.

17.   On or about October 19, 2018, Defendants sold the Subject Vape Device and Subject Lithium Ion Battery to the Plaintiff during a transaction that took place at the retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road in Chester, Virginia.

18.   Plaintiff purchased the Subject Vape Device and Subject Lithium Ion Battery for his personal use to consume vape liquid.

19.   During that transaction, no employee of Cloudz Vapor - Chester, nor anyone else, warned Plaintiff that there existed a substantial risk that the Subject Vape Device and Subject

Lithium Ion Battery could unexpectedly, suddenly, and without warning explode and burst into flames while in the Plaintiff's possession.

20.     At all times relevant to this matter, the Plaintiff used the Subject Vape Device and Subject Lithium Ion Battery in a manner consistent with their intended purpose or other reasonably foreseeable purpose to the Defendants.

21.     On or about February 11, 2019, the Subject Vape Device and Subject Lithium Ion Battery unexpectedly, suddenly, and without warning or provocation, exploded while in Plaintiff's possession.

22.     As a result of the explosion, Plaintiff suffered serious, life-threatening, catastrophic, disfiguring and permanent injuries.

23.     Subject Vape Device was unreasonably dangerous, unsafe, unsuitable for use, not of merchantable quality, and not fit for its intended uses or for the general and particular purposes for which it was designed, manufactured, marketed, and sold.

24.     The Subject Lithium Ion Battery was unreasonably dangerous, unsafe, unsuitable for use, not of merchantable quality, and not fit for its intended uses or for the general and particular purposes for which it was designed, manufactured, marketed, and sold.

25.     The Subject Vape Device and Subject Lithium Ion Battery were, when used in combination, unreasonably dangerous, unsafe, unsuitable for use, not of merchantable quality, and not fit for their intended uses or for the general and particular purposes for which they were designed, manufactured, marketed, and sold.

26.     The Subject Vape Device and Subject Lithium Ion Battery were unaccompanied by warnings concerning their hazardous properties.

27.    The unreasonably dangerous nature of the Subject Vape Device and Subject Lithium Ion Battery, and both when used in combination, was not obvious or readily discoverable to Plaintiff.

## COUNT I

## NEGLIGENCE

28.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

29.    At all times material and relevant herein, Defendants, each of them, knew or by the use of ordinary care should have known, that the Subject Vape Device sold to Plaintiff was unreasonably dangerous, unsafe, unsuitable for use, not of merchantable quality, and not fit for its intended uses or for the general and particular purposes for which it was designed, manufactured, marketed, and sold.

30.    At all times relevant to this matter, Defendants, each of them, knew or by the use of ordinary care should have known, that the Subject Lithium Ion Battery sold to Plaintiff was unreasonably dangerous, unsafe, unsuitable for use, not of merchantable quality, and not fit for its intended uses or for the general and particular purposes for which it was designed, manufactured, marketed, and sold.

31.    At all times relevant to this matter, Defendants, each of them, knew or by the use of ordinary care should have known, that the Subject Vape Device and Subject Lithium Ion Battery when used in combination were unreasonably dangerous, unsafe, unsuitable for use, not of

merchantable quality, and not fit for their intended uses or for the general and particular purposes for which they were designed, manufactured, marketed, and sold.

32.     Defendants owed a duty to make reasonable inspections or tests to confirm that the Subject Vape Device, Subject Lithium Ion Battery, and/or both when used in combination, were safe, suitable for use, of merchantable quality, and fit for their intended uses or for the general and particular purposes for which they were designed, manufactured, marketed, and sold.

33.     Defendants breached their duty to make reasonable inspections or tests in that they did not make reasonable inspections or tests of the Subject Vape Device and Subject Lithium Ion Battery before selling or otherwise delivering the Subject Vape Device and Subject Lithium Ion Battery to the Plaintiff.

34.     Defendants owed a duty to give a reasonable warning to Plaintiff of the likelihood that the Subject Vape Device, Subject Lithium Ion Battery, and/or both when used in combination, could explode suddenly, unexpectedly, and without warning or provocation.

35.     Defendants breached their duty to warn in that they did not provide reasonable warning to Plaintiff that the Subject Vape Device and Subject Lithium Ion Battery were unreasonably dangerous and unsafe.

36.     As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered serious permanent bodily injury; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income; has suffered and will suffer in the future loss of earning capacity; has suffered and will suffer in the future disfigurement and scaring; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law.

## COUNT II

### BREACH OF IMPLIED WARRANTIES

37.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

38.     At all times relevant to this matter, Plaintiff intended to use the Subject Vape Device and Subject Lithium Ion Battery for the particular purpose of safely consuming vape liquid.

39.     At all times relevant to this matter, Plaintiff was unskilled in the research, design, manufacture, testing, and underlying risks associated with using the Subject Vape Device and Subject Lithium Ion Battery.

40.     At all times relevant to his matter, Plaintiff relied upon Defendants' skill or judgment in furnishing for sale the Subject Vape Device and Subject Lithium Ion Battery suitable for the particular purpose of safely consuming vape liquid.

41.     At all times relevant to this matter, Defendants knew, or should have known, that the Subject Vape Device and Subject Lithium Ion Battery were to be used for the particular purpose of safely consuming vape liquid.

42.     At all times relevant to this matter, Defendants knew, or should have known, that Plaintiff relied upon Defendants' skill or judgment in furnishing for sale the Subject Vape Device and Subject Lithium Ion Battery suitable for the particular purpose of safely consuming vape liquid.

43.     The Subject Vape Device was unfit for the particular purpose of safely consuming vape liquid.

44.    The Subject Lithium Ion Battery was unfit for the particular purpose of powering a vape device to safely consume vape liquid.

45.    The Subject Vape Device and Subject Lithium Ion Battery when used in combination were unfit for the particular purpose of safely consuming vape liquid.

46.    The Subject Vape Device device was unreasonably dangerous both for the use to which it would ordinarily be put and for any other reasonably foreseeable purpose.

47.    The Subject Lithium Ion Battery was unreasonably dangerous both for the use to which it would ordinarily be put and for any other reasonably foreseeable purpose.

48.    The Subject Vape Device and Subject Lithium Ion Battery when used in combination were unreasonably dangerous both for the use to which they would ordinarily be put and for any other reasonably foreseeable purpose.

49.    The unreasonably dangerous conditions of the Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination existed at the time Defendants marketed and sold them to Plaintiff.

50.    No disclaimers of implied warranties were provided to Plaintiff or otherwise made known to Plaintiff.

51.    The Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination did not conform to the implied warranty that they were fit for the purpose for which they were ordinarily used or for any other reasonably foreseeable purpose.

52.    Defendants breached the implied warranty that the Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination were fit for the purpose for which they were ordinarily used or for any other reasonably foreseeable purpose.

53.     As a direct and proximate cause of Defendants' breach of implied warranties, Plaintiff has suffered serious permanent bodily injury; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income; has suffered and will suffer in the future loss of earning capacity; has suffered and will suffer in the future disfigurement and scaring; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law.

## COUNT III

## BREACH OF EXPRESS WARRANTIES

54.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

55.     Defendants expressly warranted the safety and fitness of the Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination, through oral statements, written statements, advertisements, samples and/or descriptions which became part of the basis for Plaintiff's decision to purchase the products.

56.     The Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination did not conform to Defendants' description of the products as being safe and fit for use to consume vape liquid.

57.     Defendants breached their express warranties that the Subject Vape Device, the Subject Lithium Ion Battery, and/or both when used in combination were safe and fit for use to consume vape liquid.

58.     As a direct and proximate cause of Defendants' breach of express warranties, Plaintiff has suffered serious permanent bodily injury; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income; has suffered and will suffer in the future loss of earning capacity; has suffered and will suffer in the future disfigurement and scaring; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law.

## COUNT IV

## VIRGINIA CONSUMER PROTECTION ACT

59.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

60.     Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in connection with their activities set forth above in the sale of the Subject Vape Device and Subject Lithium Ion Battery.

61.     Defendants were "suppliers" as defined by the Virginia Consumer Protection Act, Va. Code § 59.1-198.

62.     Defendants marketed, advertised, offered for sale, recommended, and/or sold consumer goods in the form of the Subject Vape Device and Subject Lithium Ion Battery to Plaintiff, which constituted a "consumer transaction" under the Virginia Consumer Protection Act, Va. Code § 59.1-198.

63.    Defendants misrepresented that the Subject Vape Device, offered for sale, recommended, and sold to Plaintiff was of a standard and quality that was safe and beneficial, and in doing so misrepresented that the Subject Vape Device had characteristics that it did not have, and concealed the propensity of the subject the Subject Vape Device to spontaneously combust, which constituted a violation of Va. Code § 59.1-200(5) and (6).

64.    Defendants misrepresented that the Subject Lithium Ion Battery, offered for sale, recommended, and sold to Plaintiff was of a standard and quality that was safe and beneficial, and in doing so misrepresented that the Subject Lithium Ion Battery had characteristics that it did not have, and concealed the propensity of the Subject Lithium Ion Battery to spontaneously combust, which constituted a violation of Va. Code § 59.1-200(5) and (6).

65.    Defendants misrepresented that the Subject Vape Device and Subject Lithium Ion Battery offered for sale, recommended, and sold to Plaintiff were, when used in combination, of a standard and quality that was safe and beneficial, and in doing so misrepresented that the Subject Vape Device and Subject Lithium Ion Battery when used in combination had characteristics that they did not have, and concealed the propensity of the Subject Vape Device and Subject Lithium Ion Battery when used in combination to spontaneously combust, which constituted a violation of Va. Code § 59.1-200(5) and (6).

66.    Defendants marketed, offered for sale, recommended, and sold a defective, imperfect, and "not first class" Subject Vape Device and Subject Lithium Ion Battery without clearly and unequivocally indicating in the offer for sale that the products were defective, imperfect, and "not first class," which constituted a violation of Va. Code § 59.1-200(7).

67.     Defendants' actions, as complained of herein, constituted unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the Virginia Consumer Protection Act, Va. Code § 591-200.

68.     As a direct and proximate cause of Defendants' violations of the Virginia Consumer Protection Act, Plaintiff has suffered serious permanent bodily injury; has suffered and will suffer in the future great pain of body and mind; has incurred and will incur in the future medical expenses; has suffered and will suffer in the future loss of income; has suffered and will suffer in the future loss of earning capacity; has suffered and will suffer in the future disfigurement and scaring; has suffered and will suffer in the future terrible inconvenience and physical limitations; and has suffered and will suffer in the future other damages as allowed by law.

## DAMAGES

69.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

70.     As a direct and proximate result of Defendants' acts, omissions, and breaches of duties and warranties, the Plaintiff incurred the following damages:

    a.  Bodily injuries, permanent in nature, which have affected her life;

    b.  Past, present and future physical pain

    c.  Past, present and future mental anguish;

    d.  Disfigurement and/or deformity coupled with associated humiliation and embarrassment;

    e.  Past, present and future inconvenience;

f.   Past lost earnings, and a lessening of earning capacity;

g.   Past, present, and future medical expenses;

h.   Other damages allowable at law, including medical expenses incurred in the past, present and future, triple damages, reasonable attorneys' fees, and costs.

71.   All of the injuries complained of and set forth in the preceding paragraphs are the direct and proximate result of the carelessness, negligence, and breaches of warranties of the Defendants, and without fault on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants, each of them, jointly and severally, for compensatory damages in the sum of THREE MILLION DOLLARS AND NO CENTS ($3,000,000.00), plus pre-judgment and post-judgment interest, triple such damages, costs, and reasonable attorney's fees pursuant to Virginia Code § 59.1-204(B).

## JURY DEMAND

Plaintiff hereby demands trial with a jury.


ADAM L. COGHILL

By: _____

Counsel


Derrick L. Walker (VSB No. 46490)
Robert C. T. Reed, Esq. (VSB No.: 78967)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Road
Richmond, Virginia 23230
(804)   257-7579 Office
(866)   524-1418 Facsimile
Derrick.Walker@AllenandAllen.com
Robert.Reed@allenandallen.com
*Counsel for Plaintiff*

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

Case No.: _____

ADAM COGHILL

                                                                    Plaintiff,

v.

CLOUDZ VAPOR LLC
d/b/a CLOUDZ VAPOR,
Serve:  Tejan Kaushik Bhatt, Registered Agent
           13142 Winston Road
           Ashland, Virginia 23005
           (PRIVATE PROCESS)

CLOUDZ VAPOR WHOLESALE, LLC
d/b/a CLOUDZ VAPOR,
Serve:  Tejan K. Bhatt, Registered Agent
           13142 Winston Road
           Ashland, Virginia 23005
           (PRIVATE PROCESS)

CLOUDZ VAPOR MIDLOTHIAN LLC
d/b/a CLOUDZ VAPOR,
Serve:  Tejan Kaushik Bhatt, Registered Agent
           13142 Winston Road
           Ashland, Virginia 23005
           (PRIVATE PROCESS)

CLOUDZ VAPOR SHORT PUMP LLC
d/b/a CLOUDZ VAPOR,
Serve:  Tejan K. Bhatt, Registered Agent
           13142 Winston Road
           Ashland, Virginia 23005
           (PRIVATE PROCESS)

AND

TEJAN BHATT
Serve:  13142 Winston Road
           Ashland, Virginia 23005
           (PRIVATE PROCESS)

                                                                    Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Comes now the plaintiff, Adam Coghill, by counsel, and propounds the following Interrogatories to each defendant pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia. Each defendant is directed to answer each Interrogatory separately and under oath, and to serve a copy of its answers thereto upon the attorney for the plaintiff within twenty-eight (28) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

These definitions and instructions are provided to aid in understanding these Interrogatories and are intended to avoid ambiguity. They are not intended to broaden the scope of allowable discovery allowed under the applicable rules. These definitions will apply to the following Interrogatories and all future Interrogatories propounded by the Plaintiff.

1. **"Occurrence"** means the explosion event on or about February 11, 2019, that gives rise to the allegations set forth in the Complaint.

2. **"Cloudz Vapor"** means the retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road, Chester, Virginia.

3. **"Subject Vape Device"** means the Aegis Vape device sold by defendants to plaintiff on or about October 19, 2018, that exploded while in his possession on or about February 11, 2019.

4. **"Subject Lithium Ion Battery"** means the Lithium Ion Battery sold by defendants to plaintiff on or about October 19, 2018, that exploded while in his possession on or about February 11, 2019.

5. **"Communication"** includes, but is not limited to, any transmittal, exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished, and includes all communications, whether written or oral, and all discussions, meetings, telephone or radio communications, or email contacts.

6. **"Documents"** and **"records"** means the complete original and any non-identical copy (whether different from the original because of changes, notations, markings, or stamps, on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, graphic, electronic or other media of every type and description, however and by whomever prepared, produced, disseminated or made, including any electronically stored information, emails, films, videos, pictures,

photographs, data, papers, letters, correspondence, memoranda, faxes, inter-office communications, spreadsheets, telegrams, statements, affidavits, pleadings, stenographic or handwritten notes, notations, notebooks, reports, receipts, contracts, files, screen shot, indexes, maps, tabulations, outlines, power points, scripts, diaries, logs, journals, agendas, minutes, code books, labels, invoices instructions, manuals, books, calendars, schedules, diagrams, studies, publications, pamphlets, drawings, schematics, graphs, charts, tax forms, forms microfilms, microfiche, computations, tapes, printouts, and any other form of media.

7. **"Identify," "identity," or "describe"** means,
   a) When used in reference to an individual, to state that individual's full name, present or last known residence address, telephone number, business or official affiliation, job title, business address, and current employer;
   b) When used in reference to a corporation, to state its full name, trade names, corporate form, place of incorporation, principal place of business, and telephone number;
   c) When used in reference to an entity other than an individual or corporation, to state its official name, its organizational form, its address, and its telephone number;
   d) When used in reference to a document, to state the type of document, date of preparation, authors, addressees, title, serial number, file number, file path, its present location, name and address of the present custodian, and the substance of the contents thereof;
   e) When used in reference to any act, occurrence, occasion, meeting, oral or written communication, discussion, statement, transaction, or conduct, to state the events constituting such act, its location, the date, time, individuals participating, present or involved, and the subject matter discussed.

8. **"You" or "your"** means the Defendant responding to these Interrogatories including its officers, directors, agents, servants, employees, representatives, attorneys, and anyone who, at all times relevant to the request, were acting or purporting to act on the Defendant's behalf.

9. **Gender and Tenses:** The use of masculine gender includes the feminine gender, and use of the feminine gender includes the masculine gender. Use of the singular includes the plural, and the plural includes the singular.

10. **Reference to Documents in Interrogatory Answers:** To the extent that an Interrogatory may be answered by referencing a document, specification of the record shall be in sufficient detail to permit Plaintiff to locate and to identify, as readily as you can, the records from which the Answer may be ascertained. To the extent you specify electronically stored information, it must be made available in a reasonably usable form for examination, audit or inspection and to allow creation of copies, compilations, abstracts or summaries. See Virginia Rule 4:8(f) or FRCP Rule 33(d) as applicable.

11. **Continuing Nature of Interrogatories:** These Interrogatories are continuing in nature. In the event that at any later date or time you obtain any additional facts, obtain or make

3

any assumptions, or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories in accordance with the question, plaintiff demands that defendant amend the answers to the Interrogatories promptly and sufficiently to set forth fully such identities, descriptions, facts, assumptions, conclusions, opinions and contentions, as required pursuant to Virginia Rule 4:1(e) or FRCP Rule 26(e) as applicable.

## Interrogatories

1.      Identify all individuals who participated in preparation of or provided information and/or documents used to prepare your responsive pleading(s), your answers to any Interrogatory propounded to you by Plaintiff, your responses to any Request for Production propounded to you by Plaintiff, or your answers to any Request for Admissions propounded to you by Plaintiff.

**ANSWER:**


2.      State whether, prior to answering these Interrogatories, you made a due and diligent search of your records and a due and diligent inquiry of your agents and employees with the intention of obtaining all available information necessary to fully and completely respond.

**ANSWER:**


3.      Identify your full corporate name, any trade names, the state of your incorporation, year of incorporation, your principle place of business, your Virginia registered agent, and any parent entities, subsidiaries, affiliated entities, or entities sharing the same or substantially similar control group of officers and directors.  Additionally, identify the correct legal entity or corporate entity who should have been sued by plaintiff to the extent that you contend Plaintiff has sued the wrong party in error or that your name is incorrectly identified in this lawsuit.

**ANSWER:**

4.    Identify all individuals and/or entities that owned, operated, leased, managed, and/or maintained Cloudz Vapor from the date it opened to the present.

ANSWER:


5.    Identify all insurance policies you or any other defendant had in effect at the time of the occurrence, including any policy that covers or may provide coverage for the damages sought in the Complaint, including any umbrella policies, CGL policies, or excess coverage policies; and, as to each, identify the insurance company underwriting the policy, named insured, policy number, policy period, and limits of coverage provided by the policy, stating whether it is subject to self-insured retention, defense costs within limits, single limits or any other applicable provisions. Identify whether the insurer has offered or provided a defense under a reservation of rights or otherwise has contested or raised defenses to providing coverage for any claims asserted in the Complaint.

ANSWER:


6.    Identify all employees working in Cloudz Vapor on October 19, 2018, and for each such individual state job title, hiring date, working hours, termination date, and identify whether that individual was responsible for selling the Subject Vape Device and/or Subject Lithium Ion Battery to the plaintiff.

ANSWER:

7.      Identify the individual employees(s) or agents (commonly referred to as the "buyer") responsible for establishing the relationship with the manufacturer or distributor to purchase for resale the Subject Vape Device and/or Subject Lithium Ion Battery prior to October 19, 2018, including job title, hiring date, and termination date.

**ANSWER:**


8.      Describe all training, instruction, or policies and procedures you provided to your employees regarding the use, operation, handling, compatibility with other products and accessories, and hazards associated with the Subject Vape Device and/or Subject Lithium Ion Battery and identify any training materials or documents you provided to your employees prior to October 19, 2018.

**ANSWER:**


9.      Identify each entity involved in the design, manufacture, testing, warning, marketing, distribution, and sale of the Subject Vape Device and Subject Lithium Ion Battery and their component parts.

**ANSWER:**

10.     State the date the Subject Vape Device was first commercially sold or otherwise distributed; the date and place where it was designed or developed; the identity and present whereabouts of the individuals responsible for or most knowledgeable about its design or development; and the identity and present location of all documents concerning product inspection and testing.

**ANSWER:**

11.     Identify the individuals within your employment who are most familiar with the design, manufacture, distribution and sale of the Subject Vape Device and Subject Lithium Ion Battery.

**ANSWER:**

12.     State the date the Subject Lithium Ion Battery was first commercially sold or otherwise distributed; the date and place where it was designed or developed; the identity and present whereabouts of the individuals responsible for or most knowledgeable about its design or development; and the identity and present location of all documents concerning product inspection and testing.

**ANSWER:**

13.     Identify any manual, instruction, pamphlet, or other literature which was normally provided to the purchaser or user of the Subject Vape Device and Subject Lithium Ion Battery as of October 19, 2018.

**ANSWER:**

14.    Identify any inscriptions or attachments regarding proper use, misuse, warnings, or dangers that came with or on the Subject Vape Device and/or Subject Lithium Ion Battery, and if so, identify the nature, location, and content of all such inscriptions or attachments and describe the contents.

**ANSWER:**

15.    State whether you made any effort to determine whether the Subject Vape Device and Subject Lithium Ion Battery complied with the then applicable safety standards, safety orders, regulations, laws, rules and design requirements of any city, country, state or the federal government of the United States at the time you offered them for sale and describe all such efforts.

**ANSWER:**

16.    Identify any known complaints or claims of injury which have been filed with the Consumer Product Safety Commission, or any other federal, state or local government agency, concerning or involving injuries, deaths, possible dangers or risks in the use of the Subject Vape Device and Subject Lithium Ion Battery.

**ANSWER:**

17.    Describe and identify every known claim of the Subject Vape Device and/or Subject Lithium Ion Battery failing, malfunctioning, or causing bodily injury or death.

**ANSWER:**

18.    If you have ever been involved in a product liability suit, other than the present one, involving the Subject Vape Device and/or Subject Lithium Ion Battery, please state for each such suit the following: the court in which the suit was filed; the style and case number; and identity of the person(s) injured or killed; the date of the alleged injury or death; the identity of each person acting on your behalf who inspected the product or investigated the claim; the result of each suit; and, if settled, the amount of such.

**ANSWER:**


19.    Identify each person you expect to call as an expert witness at trial, and state each such expert witness's qualifications, training and experience, the subject matter on which each such expert witness is expected to testify; and the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


20.    State whether it is your contention that the product was altered, modified or changed in any way not recommended subsequent to its manufacture and prior to the occurrence and, if so, state the particulars of each such alteration, modification or change, why the same is not recommended, and identify each individual having knowledge of any such alteration, modification or change.

**ANSWER:**

21.     Identify every person who has knowledge or who purports to have knowledge of any of the facts of this case pertaining to issues of liability as well as damages, including the subject matter of their knowledge, basis for their knowledge, and a summary of the facts known to such person, and, as to each person, state whether you have interviewed that person, including plaintiff, regarding their knowledge related to the facts of this case, giving the date of such interview, identity of the interviewer, whether the interview was recorded, transcribed, summarized or otherwise memorialized, whether a written statement was provided by the witness, and identity of the custodian of any such recording, transcription, summary, memorialization, or statement.

**ANSWER:**


22.     Identify any other individual or entity, whether currently a party or not, who you contend caused or contributed to causing the occurrence, describe in detail each act or omission of each such person that you contend constituted negligence, describe how such negligence proximately caused or contributed to causing the occurrence, and identify all documents and witnesses which support any such contention.

**ANSWER:**

23.    State whether plaintiff made any statements, written or oral, recorded any interviews, exchanged communications, executed any documents and/or conducted any conversations with you concerning the occurrence, this action, or its subject matter (including statements taken, written, prepared, obtained and/or overheard by defendant and/or by agents, servants and/or employees of defendant's liability insurance carrier). Identify all such statements, conversations, interviews, and documents and their custodian and identify each person to whom such statements were made or in whose presence they were made. Recite the plaintiff's statements below.

ANSWER:

24.    State all facts, describe all circumstances, and identify all documents upon which you rely to support your denial of any allegation contained in the Complaint and to support any and all affirmative defenses raised, and pleas in bar asserted, including any allegation that plaintiff's negligence proximately caused or contributed to causing the occurrence or injuries claimed.

ANSWER:

25.     State all facts, describe all circumstances, and identify all documents upon which you rely to support a contention that any claimed medical bills are not authentic; were not reasonable in amount; were not incurred for treatment that was reasonably necessary to cure, ameliorate injuries, or relieve suffering; and/or were not rendered necessary to treat a medical condition proximately resulting from the occurrence, and also identify all persons with knowledge of any such facts, circumstances, and documents.

**ANSWER:**


ADAM L. COGHILL

By: _____

     Counsel


Derrick L. Walker (VSB No. 46490)
Robert C. T. Reed (VSB No.: 78967)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Road
Richmond, Virginia  23230
(804) 257-7579 Office
(866) 524-1418 Facsimile
Derrick.Walker@AllenandAllen.com
Robert.Reed@allenandallen.com
*Counsel for Plaintiff*

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

Case No.: _____

ADAM COGHILL

Plaintiff,

v.

CLOUDZ VAPOR LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan Kaushik Bhatt, Registered Agent
        13142 Winston Road
        Ashland. Virginia 23005
        (PRIVATE PROCESS)

CLOUDZ VAPOR WHOLESALE, LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan K. Bhatt, Registered Agent
        13142 Winston Road
        Ashland, Virginia 23005
        (PRIVATE PROCESS)

CLOUDZ VAPOR MIDLOTHIAN LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan Kaushik Bhatt, Registered Agent
        13142 Winston Road
        Ashland. Virginia 23005
        (PRIVATE PROCESS)

CLOUDZ VAPOR SHORT PUMP LLC
d/b/a CLOUDZ VAPOR,
Serve: Tejan K. Bhatt, Registered Agent
        13142 Winston Road
        Ashland. Virginia 23005
        (PRIVATE PROCESS)

AND

TEJAN BHATT
Serve: 13142 Winston Road
        Ashland. Virginia 23005
        (PRIVATE PROCESS)

Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, Adam Coghill, by counsel, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, and propounds the following Requests for Production of Documents and Things to be answered fully, in writing under oath by each defendant within twenty-eight (28) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

These definitions and instructions are provided to aid in understanding these Requests for Production and Things and are intended to avoid ambiguity. They are not intended to broaden the scope of allowable discovery allowed under the applicable rules. These definitions will apply to the following Requests for Production and all future Requests for Production propounded by the Plaintiff.

1.  "**Occurrence**" means the explosion event on or about February 11, 2019, that gives rise to the allegations set forth in the Complaint.

2.  "**Cloudz Vapor**" means the retail establishment known as Cloudz Vapor – Chester located at or about 11996 Iron Bridge Road, Chester, Virginia.

3.  "**Subject Vape Device**" means the Aegis Vape device sold by defendants to plaintiff on or about October 19, 2018, that exploded while in his possession on or about February 11, 2019.

4.  "**Subject Lithium Ion Battery**" means the Lithium Ion Battery sold by defendants to plaintiff on or about October 19, 2018, that exploded while in his possession on or about February 11, 2019.

5.  "**Communication**" includes, but is not limited to, any transmittal, exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished, and includes all communications, whether written or oral, and all discussions, meetings, telephone or radio communications, or email contacts.

6.  "**Documents**" and "**records**" means the complete original and any non-identical copy (whether different from the original because of changes, notations, markings, or stamps, on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, graphic, electronic or other media of every type and description, however and by whomever prepared, produced, disseminated or made.

including any electronically stored information, emails, films, videos, pictures, photographs, data, papers, letters, correspondence, memoranda, faxes, inter-office communications, spreadsheets, telegrams, statements, affidavits, pleadings, stenographic or handwritten notes, notations, notebooks, reports, receipts, contracts, files, screen shot, indexes, maps, tabulations, outlines, power points, scripts, diaries, logs, journals, agendas, minutes, code books, labels, invoices instructions, manuals, books, calendars, schedules, diagrams, studies, publications, pamphlets, drawings, schematics, graphs, charts, tax forms, forms microfilms, microfiche, computations, tapes, printouts, and any other form of media.

7. **Production of Copies:**  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of a litigation hold.  Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents.  Copies of documents should be produced in color if necessary to interpret them or render them intelligible.  All copies of visual media, including photographs and video, should be produced in color.

8. **"Electronically stored information (ESI)"** means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any electronically created or stored information and data, including data usage files, word processing files, images, text, spreadsheets, graphics, databases, transaction logs, system history files, cache files, audio, video, voice mail, Internet data, backup logs, electronic mail, instant messaging, short message service (SMS), texts, snaps, tweets, posts, profiles, direct messages, logs, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder or cache), whether stored on cards, magnetic or electronic tapes, disks, computer files, computer or other drives, cell phones, personal data assistants, tablets, or other storage media, to include all native file information and metadata as well as such technical assistance or instructions as will enable conversion of such **ESI** into a reasonably usable form.

9. **Production of ESI:**  Plaintiff requests that **ESI** be produced in the following formats:
   a.   Spreadsheet and presentation programs, including Microsoft Access, SQL, Excel, PowerPoint, and other databases must be produced in native format with extracted text and metadata.  Data compilations in Excel spreadsheets or in delimited text formats must contain all underlying data un-redacted with all underlying formulas and algorithms intact.   All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;
   b.   All **ESI** other than those **documents** described in subsection (a) above must be provided in native electronic format with extracted text or Optical Character

      Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images;

c.    Each electronic file should be assigned a unique document identifier (DocID) or Bates reference number.

d.    All ESI should have passwords or other document-level encryption removed or produce the password or key;

e.    All ESI must be scanned for and free of viruses.

f.    Access to cloud databases may be arranged in lieu of production upon request.

g.    Accompany ESI with production of a transmittal letter setting forth a summary of the number and types of **documents** in the production and DocID or Bates ranges.

10.    **Production of Hardcopy Documents Converted to Electronic Format:**   Plaintiff requests that all hardcopy documents that are produced in electronic format be true, correct, and complete copies of the original documents as converted to TIFF (or color JPEG) images with corresponding document-level OCR text, and endorsement with a DocID or Bates reference number.

11.    **"You"** or **"your"** means the Defendant responding to these Requests including officers, directors, agents, servants, employees, representatives, attorneys, and anyone who, at all times relevant to the request, were acting or purporting to act on the Defendant's behalf.

12.    **Gender and Tenses:**   The use of masculine gender includes the feminine gender, and use of the feminine gender includes the masculine gender.  Use of the singular includes the plural, and the plural includes the singular.

13.    **Available Information:**   These Requests seek documents and things in your possession or under your actual or constructive custody or control, including documents and information in the possession, custody, or control of your officers, directors, agents, servants, employees, accountants, independent contractors, consultants, predecessors, divisions, subsidiaries, affiliates, joint ventures, representatives, attorneys, and those acting on your behalf.

<u>**Request for Production of Documents**</u>

1.    An organizational chart of your company at the time of the occurrence and currently.

<u>**RESPONSE:**</u>

4

2.      An organizational chart showing the legal, financial, or working relationship between you and any other defendant.

**RESPONSE**:

3.      All documents identifying the owners of Cloudz Vapor from the date it opened through October 19, 2018.

**RESPONSE**:

4.      Complete and certified copies of any insurance policy that covers or may provide coverage to each defendant for the damages sought in the Complaint, including declaration pages, policy forms, endorsements, amendments or other related documents.

**RESPONSE**:

5.      All denials, reservation of rights letters, and/or agreements related to any insurance coverage for the occurrence.

**RESPONSE**:

6.      All document retention and preservation policies in effect from the date the Cloudz Vapor opened through the present.

**RESPONSE**:

7.      All documents, statements, printed or graphic representations, catalogues, circulars, manuals, displays, brochures, reports, memorandums, transcripts, communications, letters, labels, stickers, advertisements or other materials which mention, describe or otherwise refer to the virtues, qualities, characteristics, capabilities or capacities of the subject products, or the dangers, limitations or propensities of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**

8.      All documents that mention, describe, or include any warranties applicable to the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**

9.      All documents relating to the design or changes in the design of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts from the time of their original design and development to the present.

**RESPONSE:**

10.     All documents relating to the manufacture of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**

11.     All documents which mention, describe or otherwise refer to any alleged or established failure, malfunction, or use of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts that could result in injury or death.

**RESPONSE:**


12.     All documents which mention, describe, or in any way refer to any precautions taken by any entity within the commercial chain in order to document or prevent any conditions in which a potential short circuit could occur within the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**


13.     All statements, printed or graphic representations, catalogues, circulars, manuals, brochures, reports, memoranda, transcripts, communications, letters, labels, stickers, advertisements, directions, instructions, procedures or other documents which accompanied the Subject Vape Device and/or Subject Lithium Ion Battery which were provided to plaintiff at the time of sale.

**RESPONSE:**

14.    All statements, printed or graphic representations, catalogues, circulars, manuals, brochures, reports, memoranda, transcripts, communications, letters, labels, stickers, advertisements, directions, instructions, procedures or other documents which accompanied the Subject Vape Device and/or Subject Lithium Ion Battery which were typically provided to customers at the time of sale prior to October 19, 2018.

**RESPONSE:**

15.    All warnings provided to plaintiff regarding use of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts at the time of sale.

**RESPONSE:**

16.    All documents which mention, describe, or in any way refers to any testing or inspection you performed on the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts prior to October 19, 2018.

**RESPONSE:**

17.    All documents which mention, describe, or in any way refers to any testing or inspection you performed on products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts prior to October 19, 2018.

**RESPONSE:**

18.     All documents which mention, describe, or in any way refers to any testing or inspection you performed on the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts after the occurrence.

**RESPONSE:**


19.     All documents which mention, describe, or in any way refers to any testing or inspection you performed on products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts after the occurrence.

**RESPONSE:**


20.     Each and every law, rule, regulation, standard, statute, ordinance, or other requirement or recommendation that was established, published or promulgated by any government entity, professional association, trade association, industry association, or safety advocacy organization, which deals with, defines, limits or specifies any aspect of the design, manufacture, composition, distribution, sale or use of products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**


21.     Any contract for design, manufacture, testing, distribution, or sale of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts between you and any other entity.

**RESPONSE:**

22.     Any contract in your possession for design, manufacture, testing, distribution, or sale of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts between entities other than you.

**RESPONSE:**


23.     Any indemnity or subrogation agreements or contracts between you and any other entity relating to the claims asserted in the Complaint.

**RESPONSE:**


24.     All documents relating to the purchase of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts by you from a manufacturer, distributor, or retailer.

**RESPONSE:**


25.     All documents relating to the purchase of products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts by you from a manufacturer, distributor, or retailer that you made available for sale at Cloudz Vapor between October 12, 2018 and October 26, 2018.

**RESPONSE:**


26.     All documents, sales receipts, invoices, billing records, payment data, logs, or any electronic data that shows any and all transactions between you and the plaintiff.

**RESPONSE:**

27.     All documents, sales receipts, invoices, billing records, payment data, inventory reports, electronic data, or any other material that references all sales of products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts made at Cloudz Vapor from October 12, 2018 through October 26, 2018.

**RESPONSE:**

28.     All documents which identify and list all employees who worked at Cloudz Vapor from October 12, 2018 through October 26, 2018, including their schedules and attendance.

**RESPONSE:**

29.     All documents contained in all employee files, including training records, for each employee who worked at Cloudz Vapor from October 12, 2018 through October 26, 2018.

**RESPONSE:**

30.     All documents of any nature which in any way mentions, describes, or otherwise refers to any recalls, potential recalls, or contemplated recalls regarding the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**

31.     All advertisements, commercials, websites, web ads, social media ads, pamphlets, offers for sale, or other marketing materials regarding the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts created during the one year prior to October 19, 2018.

**RESPONSE:**

32.    All documents or other materials which were provided to employees prior to October 19, 2018, regarding the use, operation, warnings, hazards, and function of the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts, as well as their compatibility with each other and other devices.

**RESPONSE:**

33.    All documents relating to every known claim of products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts failing, malfunctioning, or causing bodily injury or death.

**RESPONSE:**

34.    All documents, including incident reports, investigation reports, inter-office memos, complaints, notifications, communications and emails which relate to injuries alleged to be caused by products of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts, other than this claim.

**RESPONSE:**

35.    All documents, pleadings, transcripts, or other material produced in the course of any product liability lawsuits in which you were a party, other than the present one, involving produces of the same make and model as the Subject Vape Device, Subject Lithium Ion Battery, or any of their component parts.

**RESPONSE:**

36.     The curriculum vitae or resume and fee schedule for any expert whom you intend to call as a witness at trial.

**RESPONSE:**

37.     All documents, materials, treatises, studies, articles, or literature upon which any expert you intend to call at trial relies in whole or in part as a basis of, or to support, any opinion in this case.

**RESPONSE:**

38.     All documents, articles, treatises, publications, or other writings of any nature, including those read online or from computer generated information, that any expert consulted by you, or whom you intend to call as a witness at trial, has reviewed or read in connection with the expert's review and evaluation of this case.

**RESPONSE:**

39.     All documents, including any memoranda, correspondence, notes, photographs, diagrams, records, reports or file notes, comprising the file associated with this matter maintained by any expert with whom you have consulted or intend to call as a witness at trial.

**RESPONSE:**

40.   All documents, including reports, messages, transcripts, recordings, or memorializations related to your communications with any expert you intend to call as a witness at trial.

**RESPONSE:**

41.   All documents that evidence the fees charged in this case by any expert whom you intend to call as a witness at trial.

**RESPONSE:**

42.   All documents, including incident reports, investigation reports, inter-office memos, complaints, notifications, communications and emails which relate to the happening of the occurrence.

**RESPONSE:**

43.   All documents, including reports, messages, transcripts, recordings, or memorializations related to your communications with Plaintiff.

**RESPONSE:**

44.   All documents, including reports, messages, transcripts, recordings, or memorializations related to your communication with any of your employees or agents about the occurrence.

**RESPONSE:**

45.     All documents, including reports, messages, transcripts, recordings, or memorializations, related to your communications about the occurrence with any eyewitness to the occurrence.

**RESPONSE:**

46.     All documents, including reports, messages, transcripts, recordings, or memorializations related to your communications about the occurrence with any person having knowledge of any of the events leading up to or concerning the occurrence.

**RESPONSE:**

47.     All documents, including reports, messages, transcripts, recordings, or memorializations related to your communications about Plaintiff's claims with any person having knowledge of the damages claimed by Plaintiff.

**RESPONSE:**

48.     All documents related to any government agency investigation of the occurrence, including criminal or regulatory investigations and findings.

**RESPONSE:**

49.     All documents related to your contention that any other person or entity, whether currently a party or not, caused or contributed to causing the occurrence.

**RESPONSE:**

50.   All documents related to your denial of any allegation contained in the Complaint.

**RESPONSE:**

51.   All documents related to any affirmative defenses or pleas in bar you have asserted, including any allegation that plaintiff was negligent and plaintiff's alleged negligence was a proximate cause of the occurrence or any claimed injuries.

**RESPONSE:**

52.   All documents related to your contention that any claimed medical conditions were not proximately caused by the occurrence.

**RESPONSE:**

53.   All documents related to your contention that any claimed medical bills are not authentic; were not reasonable in amount; were not incurred for treatment that was reasonably necessary to cure, ameliorate injuries, or relieve suffering; and/or were not rendered necessary to treat a medical condition proximately resulting from the occurrence.

**RESPONSE:**

54.   All expert reports and curriculum vitae for any expert you expect to call at trial.

**RESPONSE:**

55. All documents obtained by *subpoena duces tecum*, any other means of discovery, or by use of a Freedom of Information Act request.

**RESPONSE:**

56. All documents related to pictures, video, recordings, or reports, or other material created through the covert observation or surveillance of Plaintiff at any time after the occurrence.

**RESPONSE:**

57. All documents and things which you expect to introduce at trial.

**RESPONSE:**

58. All documents and things which you expect to use as demonstrative evidence at trial.

**RESPONSE:**

59. All documents identified or relied upon in preparing any answers to Interrogatories propounded to you by any party.

**RESPONSE:**

60.     Any reports, memoranda, documents or things of any type which specifically demonstrate a date or event on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue as a result of the occurrence.

**RESPONSE:**

ADAM L. COGHILL

By: _____

Counsel

Derrick L. Walker (VSB No. 46490)
Robert C. T. Reed (VSB No.: 78967)
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Road
Richmond, Virginia  23230
(804) 257-7579 Office
(866) 524-1418 Facsimile
Derrick.Walker@AllenandAllen.com
Robert.Reed@allenandallen.com
*Counsel for Plaintiff*